MINNIE OLIVERI *vs.* MASSACHUSETTS BAY TRANSPORTATION AUTHORITY.

Suffolk.    December 4, 1972. — February 23, 1973.

Present: TAURO, C.J., REARDON, BRAUCHER, HENNESSEY, & KAPLAN, JJ.

*Negligence,* Stairway, One owning or controlling real estate.

Review of cases pertaining to the proof of negligence where a foreign substance on the floor or stairway of business premises causes a patron to fall and sustain injuries.   [166–170]

A verdict for the defendant should have been ordered in an action of tort where the evidence for the plaintiff was that, at 8:45 A.M., after paying her fare, she started to descend a flight of stairs at the defendant's subway station, holding the banister with her right hand; that she went down two steps and put her foot on something hard and dirty, two to three inches long, two inches wide, and one-half inch high, which adhered to the step; that she fell and tumbled to the bottom of the stairway, sustaining personal injuries; that all the other stairs were clean; and that an employee of the defendant, whose duties included cleaning, was on duty until 6 A. M. that morning.   [170–171]

TORT.    Writ in the Superior Court dated May 27, 1968.

The action was tried before *Goldberg,* J.

*Anthony G. Prasinos* for the defendant.

*Alexander E. Finger* for the plaintiff.

HENNESSEY, J.    This is an action in tort for personal injuries sustained when the plaintiff fell down a flight of stairs at the defendant's Revere Beach subway station.    The case was tried in the Superior Court before

a jury. At the close of the evidence the defendant moved for a directed verdict. The motion was denied, the defendant excepted and the jury returned a verdict in favor of the plaintiff. The defendant is here on an outline bill of exceptions arguing that since the evidence was insufficient to warrant an inference of negligence, its motion for a directed verdict should have been granted. Hence, we summarize the evidence most favorable to the plaintiff.

At 8:45 A.M. on May 10, 1967, after paying her fare, the plaintiff started to descend a flight of stairs at the defendant's Revere Beach subway station to get a train for Boston. The stairway was approximately twenty-five feet from where she paid her fare. She was holding onto the banister with her right hand. The weather was damp and so was the stairway. She went down two steps, put her foot on something hard, fell, and tumbled to the bottom of the stairway. A companion of the plaintiff testified that she looked at the second step after the plaintiff fell, and saw something dirty, kind of muddy, two or three inches long, two inches wide, and one-half inch high. She tried to remove the substance with her foot by kicking it, but the substance did not move. An employee of the defendant, whose duties included cleaning, was on duty at the station until 6 A.M. that morning and all the other stairs were clean. Neither the substance nor its identity was introduced into evidence.

The evidence was sufficient to warrant a conclusion that the plaintiff fell because she stepped on the foreign substance. See *Gerstenzang* v. *Kennedy & Co. Inc.* 340 Mass. 174; *Domain* v. *Friendly Ice Cream Corp.* 343 Mass. 770; *Robinson* v. *Ipswich Post 1093, V.F.W. Inc.* 343 Mass. 771. The issue presented is whether the evidence is sufficient to permit a jury to infer that the substance had been on the step long enough so that in the exercise of reasonable care the defendant should have discovered and removed it.

1. The obligation of one who controls business prem-

ises is to use due care to keep the premises provided for the use of its patrons in a reasonably safe condition, or at least to warn them of any dangers that might arise from such use, which are not likely to be known to them, and of which the defendant knows or ought to know. *Rossley* v. *S. S. Kresge Co.* 339 Mass. 654, 656. *Coates* v. *First Natl. Stores Inc.* 322 Mass. 563, 565. *Vance* v. *Gould*, 355 Mass. 104, 105. Where a foreign substance on a floor or stairway causes the business visitor to fall and sustain injuries, he may prove the negligence of the defendant by proof that the defendant or his servant caused the substance to be there, or he may show that the defendant or his servants had actual knowledge of the existence of the foreign substance. *Lajeunesse* v. *Tichon's Fish & Fillet Corp.* 328 Mass. 528. *Young* v. *Food Fair, Inc.* 337 Mass. 323. Cf. *Rossley* v. *S. S. Kresge Co.* 339 Mass. 654. In the more usual case, however, the plaintiff attempts to establish the defendant's negligence by showing that the foreign substance was present on the defendant's premises for such a length of time that the defendant should have known about it.

The length of time allowed to a defendant is governed by the circumstances of each case and to a large extent depends on "the opportunity for discovery open to the defendant's employees by reason of their number, their physical proximity to the condition in question, and, in general, the likelihood that they would become aware of the condition in the normal performance of their duties." *Deagle* v. *Great Atl. & Pac. Tea Co.* 343 Mass. 263, 265. Hence, while melting ice cream alone does not warrant an inference that enough time has passed, *Beach* v. *S. S. Kresge Co.* 302 Mass. 544, 545–546, where the melting ice cream is near an exit door and several of the defendant's employees work near the door, an inference of negligence is warranted. *Gallagher* v. *Stop & Shop, Inc.* 332 Mass. 560. See *Foley* v. *F. W. Woolworth Co.* 293 Mass. 232, 234. Compare *Caro* v. *F. W. Woolworth Co.* 342 Mass. 155, 156.

The time element may be proved by direct evidence but ordinarily the plaintiff has no recourse except to try to establish the proof by circumstantial evidence. This evidence usually consists in principal measure of a description of the foreign substance. So, in the case before us, the plaintiff contends that she has shown by circumstantial evidence that the defendant had a reasonable time to discover the foreign substance.

The evaluation of such circumstantial evidence is frequently, and unavoidably, a difficult and hairsplitting task. Thus, where the plaintiff slipped and fell on a banana peel, it was held that an inference of negligence was not warranted, since the peel might have been dropped only a moment before by another visitor. *Goddard* v. *Boston & Maine R.R.* 179 Mass. 52. However, where there was evidence that the banana peel was dry, gritty and dirty, flattened down and black in color, and appeared to have been trampled over a good deal, it was held that an inference could be drawn that it was there for a long enough time so that the defendant should have seen and removed it. *Anjou* v. *Boston Elev. Ry.* 208 Mass. 273.

In other cases where the foreign substance was animal or vegetable matter with commonly known decay characteristics, the rule of the *Anjou* case, *supra*, was held to permit recovery, e.g., *Connair* v. *J. H. Beattie Co.* 298 Mass. 550 (brown wax beans and black strawberries), and *Berbue* v. *Economy Grocery Stores Corp.* 315 Mass. 89 (dirty, black squash). But in still other cases the inference of negligence was not permissible despite the fact that the organic matter was described as decayed. *Renzi* v. *Boston Elev. Ry.* 293 Mass. 228 (torn, dirty bag of fruit, some of which was outside the bag and described as black). *Uchman* v. *Polish Natl. Home, Inc.* 330 Mass. 563 (rotten, black banana peel). *Kelleher* v. *Dini's, Inc.* 331 Mass. 217 (dirty, faded vegetable matter resembling a carrot). In the *Kelleher* case, *supra*, we required that the organic matter not only be described as decayed, but that it also be "in a

place where the defendant's employee or employees should have seen it." 331 Mass. at 218. The *Uchman* case, *supra,* declined to allow the *Anjou* case to be controlling. 330 Mass. at 565.

Where the nature of the substance is not known and there is no way to know if it turns black with time, or where the effect of time is not obvious or remains unproved, no inference is warranted that the substance has been on the ground or floor long enough to have been seen and removed, despite the fact that it is described as dirty or black. *Beach* v. *S. S. Kresge,* 302 Mass. 544 (melting ice cream). *Mandigo* v. *Hamid Amusement Co. Inc.* 317 Mass. 225 (accumulation of candy and paper which was soft, dirty, black and had a footprint in it). *DiAngelo* v. *United Mkts. Inc.* 319 Mass. 143, 148–149 (sticky, black and brown substance). *Homsy* v. *John Hancock Mut. Life Ins. Co.* 319 Mass. 376 (worn, raised metal strip). *Whynaught* v. *S. S. Kresge Co.* 319 Mass. 729 (unreported substance). *Leary* v. *Jordan Marsh Co.* 322 Mass. 309 (dirty water). *Foley* v. *Hotel Touraine Co.* 326 Mass. 742, 743–744 (black substance, hard on outside, soft inside). *Cheverie* v. *Tatassit Bathing Beach, Inc.* 330 Mass. 709 (piece of glass imbedded in sand in bottom of lake). *Regan* v. *Stop & Shop, Inc.* 333 Mass. 769 (unreported substance). *Fitzgerald* v. *Cain's Lobster House, Inc.* 334 Mass. 702 (greaselike substance). *Chastain* v. *Hotel Commander, Inc.* 336 Mass. 603 (round, brown, oily smudge). *Rioux* v. *McLellan Stores Co.* 337 Mass. 768 (dirty candy). *McNeil* v. *First Natl. Stores, Inc.* 339 Mass. 46 (dirty string). *Kanter* v. *Massachusetts Wholesale Food Terminal, Inc.* 340 Mass. 339 (fresh, but trampled on suet). *Caro* v. *F. W. Woolworth Co.* 342 Mass. 155 (sticky, caked, irregular in color, creamy substance). *Maguire* v. *William Filene's Sons Co.* 342 Mass. 776 (dirty, gray, wet paper bag). *Deagle* v. *Great Atl. & Pac. Tea Co.* 343 Mass. 263 (large blotch of pine oil). *Fine* v. *F. W. Woolworth Co.* 343 Mass. 328 (dirty plastic bag).

On the other hand, we held that an inference of negli-

gence was warranted in several cases wherein the opinions are brief and do not clearly establish any reasoning sufficient to distinguish them from the great majority of similar cases wherein an inference of negligence was held to be impermissible. *Bavosi* v. *Interstate Theatres Corp.* 307 Mass. 124, 125. *Hastings* v. *Boston & Maine R.R.* 332 Mass. 42, 43. *Dilworth* v. *Boston Garden-Arena Corp.* 339 Mass. 779.

In summary, recovery has been denied to the plaintiff in the great majority of cases where he has attempted to establish the time element by circumstantial evidence consisting for the most part of a description of the foreign substance. The cases where the plaintiff has succeeded fall, with a few exceptions, into three categories: (1) cases where the peculiar nature of the foreign substance as described supported an inference that the defendant's employees either created or had actual knowledge of the condition (e.g., *Young* v. *Food Fair, Inc.* 337 Mass. 323; *Rossley* v. *S. S. Kresge Co.* 339 Mass. 654); (2) cases where there was particularly favorable evidence for the plaintiff as to the location of duty stations of the defendant's employees (e.g., *Foley* v. *F. W. Woolworth Co.* 293 Mass. 232, 234; *Gallagher* v. *Stop & Shop, Inc.* 332 Mass. 560); and (3) *some* cases where organic matter was involved (the *Anjou* case and related cases, *supra*).

In these cases where the plaintiff has succeeded, the circumstantial evidence, and the description of the foreign substance, were such that the application by the fact finder of principles within common knowledge was sufficient to establish the time element.[1]

2. There was evidence in the instant case that the defendant's employee, whose duties included cleaning the

---

[1] We are not discussing here the occasional case where the plaintiff offers the assistance of expert testimony.

Compare the cases involving business visitors who slipped on ice, and the evidence warranted a conclusion that the ice had existed for a sufficient time to support a conclusion that the defendant in control of the premises was negligent. *Delano* v. *Garrettson-Ellis Lumber Co.*, 361 Mass. 500, 503, and *Baldassari* v. *Produce Terminal Realty Corp.* 361 Mass. 738, 744.

station, was on duty until 6 A.M. and the accident happened at 8:45 A.M. There was evidence that the substance could not be moved despite some kicking. There was also evidence that all the other steps on the stairway were clean. There is nothing to distinguish this case from the great majority of cases in which we have held that directed verdicts were required. The mere stickiness or adherence of the substance to the step is not such a quality as, in common knowledge, established the time element. See *Mandigo* v. *Hamid Amusement Co. Inc.* 317 Mass. 225, 225–226, and *Foley* v. *Hotel Touraine Co.* 326 Mass. 742, 744.

> *Exceptions sustained.*
> *Judgment for the defendant.*